UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DICKSON et al., | Case No. 2:23-cv-02875 |
| Plaintiff, | |
| vs. | District Judge Algenon L. Marbley |
| | Magistrate Judge Kimberly A. Jolson |
| Nationwide Insurance, | |
| Respondent. | |

## REPORT AND RECOMMENDATION

Plaintiffs Scott L. Dickson and Rebecca S. Dickson filed a Complaint against Defendant Nationwide Insurance alleging violations of "ERISA Section 502(a)." (Doc. 1, PageID # 9). On September 8, 2023, the Court entered a Notice of Deficiency requiring Plaintiffs to either pay the filing fee or to submit an application to proceed *in forma pauperis* within 30 days. (Doc. 2). Plaintiffs have failed to complete either or show cause for their failure to do so.

District courts have the "inherent power" to sua sponte dismiss civil actions for want of prosecution "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962); *see also* Fed. R. Civ. P. 41(b). The Sixth Circuit directs the district court to consider the following four factors in deciding whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 737 (6th Cir. 2008).

Although the Court favors the "disposition of cases on their merits," other concerns guide this Court's decision whether to dismiss an action for failure to prosecute, such as the Court's "need to manage its docket, the public's interest in expeditious resolution of litigation, and the risk of prejudice to a defendant because the plaintiff has failed to actively pursue its claims." *Little v. Yeutter,* 984 F.2d. 160, 162 (6th Cir. 1993). In determining whether dismissal is appropriate, the "key is a failure to prosecute, whether styled as a failure to appear at a pre-trial conference, failure to file a pre-trial statement, failure to prepare for conference, or failure to comply with the pre-trial order." *Id*. (quoting *Carter v. City of Memphis,* 636 F.2d. 159, 161 (6th Cir. 1980).

Since the filing of their Complaint on September 7, 2023, Plaintiffs have not taken any steps to prosecute this action, despite the Court's Notice of Deficiency ordering them to either pay the filing fee or file a motion to proceed *in forma pauperis*. (Docs. 1, 2). As such, the Undersigned concludes Plaintiffs have abandoned this action. Although the Court has considered less drastic sanctions than dismissal, such efforts would be futile given Plaintiff's failure to participate in this action.

It is therefore **RECOMMENDED** that this matter be **DISMISSED** for want of prosecution.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in

part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1). Failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo* and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 152–53 (1985).

**IT IS SO RECOMMENDED.**


Date:   November 8, 2023               /s/ Kimberly A. Jolson
                                       KIMBERLY A. JOLSON
                                       UNITED STATES MAGISTRATE JUDGE